**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSÉ PARRA; GONZALO ESTRADA,
and AURELIA MARTINEZ,
      *Plaintiffs-Appellants,*

      v.

BASHAS', INC.,
      *Defendant-Appellee.*

No. 06-16038

D.C. No.
CV-02-00591-RCB

OPINION

Appeal from the United States District Court
for the District of Arizona
Robert C. Broomfield, District Judge, Presiding

Argued and Submitted
April 17, 2008—San Francisco, California

Filed July 29, 2008

Before: Procter Hug, Jr., Mary M. Schroeder, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Hug

**COUNSEL**

Jocelyn D. Larkin, The Impact Fund, Berkeley, California, and Elizabeth A. Lawrence, Davis, Cowell & Bowe, LLP, San Francisco, California, for the appellants.

Stephanie J. Quincy, Sherman & Howard L.L.C., Phoenix, Arizona, for the appellee.

**OPINION**

HUG, Circuit Judge:

Plaintiffs, current and former Hispanic employees of Bashas', Inc., filed this class action alleging that they had been discriminated against based upon their national origin in violation of Title VII of the 1964 Civil Rights Act as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*., and 42 U.S.C. § 1981. Plaintiffs allege that defendant discriminated against them in pay and working conditions based on their national origin. The district court certified the proposed class as to the working conditions claim, but denied certification of the proposed class regarding the pay discrimination claim based upon a finding of lack of commonality within the class. Plaintiffs filed a motion for the district court to reconsider its motion and, in the alternative, they offered to redefine the pay discrimination class. Those motions were denied. The Plaintiffs appeal the court's decision to deny certification of the class alleging pay discrimination. We have jurisdiction over this appeal under 28 U.S.C. § 1292 because we granted Plaintiffs' request to file this appeal pursuant to Fed. R. Civ. P. 23(f). We reverse the district court concluding that it abused

its discretion in failing to find commonality in the Plaintiffs' original class definition for the discriminatory pay claim.

## I.

Bashas', Inc. owns and operates 150 grocery stores under three trade names: Bashas', A.J.'s Fine Foods ("A.J.'s") and Food City. Bashas', Inc. acquired A.J.'s and Food City stores through a series of acquisitions and brought them under the umbrella of Bashas', Inc. while retaining the three trade names. Although Bashas', Inc. owns all of these stores, the demographics of the patrons and employees at the three trade name stores vary significantly. In particular, the employees of the 58 Food City stores are predominantly Hispanic, while Bashas' and A.J.'s have a much smaller number of Hispanic employees. During the time period relevant to this appeal, Hispanic workers at Bashas' and A.J.'s comprised around 15% of the workforce. At Food City, however, Hispanic employees routinely constituted approximately 75% of the workforce.

Although the stores operate under different trade names and serve different clientele, the job requirements for the employees at the stores are practically indistinguishable. Regardless of these similarities, the wages for similar jobs at the three brand named stores differed until around 2003 when the pay scales were equalized through a phased pay-merger program. The plaintiffs produced evidence that according to these pay scales, the hourly pay disparities for comparable jobs at the three brand named stores ranged from $0.15 per hour to $2.94 per hour. These hourly disparities translate to annual salary differences of around $300 per year to almost $6,000 per year. These pay disparities resulted in the predominantly Hispanic Food City employees receiving less pay than their counterparts in the Bashas' or A.J.'s stores.

Plaintiffs brought this case to address their concerns about the disparate pay and working conditions among the three

brand named stores. After initially filing the complaint, the Plaintiffs sought to certify a class of employees consisting of:

> All Hispanic workers employed by defendant in an hourly position at any Food City retail store since April 4, 1998, who have been or may be subject to the challenged pay policies and practices and disparate working conditions.

In its initial class certification order, the district court certified the class as to the disparate working conditions claim. However, the district court found that the Plaintiffs could not establish the commonality requirement for the disparate pay claim and denied their request for class certification of this claim.

The Plaintiffs then filed a motion asking for reconsideration and, alternatively, to redefine the class. However, the district court denied both the motion for reconsideration and the motion to redefine the class because the court saw "no real difference" between the newly proposed class and the original class. The proposed newly defined class was:

> All Hispanic workers employed by defendant in an hourly position at any Food City retail store since April 4, 1998, who were subject to defendant's policy of using lower pay schedules for Food City workers than for workers in comparable position in Bashas' and A.J.'s Find Food stores. The class excludes any Hispanic Food City employee who was, at all times during his or her employment, paid a rate that was the same as the rate for the equivalent position in Bashas' and A.J.'s Find Food stores.

We granted Plaintiffs' request to file this appeal pursuant to Fed. R. Civ. P. 23(f) to review the district court's decision.

## II.

We review a district court's order on class certification for an abuse of discretion. *Molski v. Gleich*, 318 F.3d 937, 946 (9th Cir. 2003). We limit our review to whether the district court correctly selected and applied Rule 23's criteria. An abuse of discretion occurs when the district court, "in making a discretionary ruling, relies upon an improper factor, omits consideration of a factor entitled to substantial weight, or mulls the correct mix of factors but makes a clear error of judgment in assaying them." *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 295 (1st Cir. 2000).

## III.

**[1]** The requirements for establishing a class action are set forth in Fed. R. Civ. P. 23, which provides:

> (a) prerequisites. One or more members of the class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or facts common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.[1]

In this case, we review only the district court's order finding that the Plaintiffs failed to establish commonality among the proposed class members for their pay discrimination claim.[2]

---

[1]Rule 23(b) provides three additional requirements for bringing a class action, one of which must be met in order to bring the action. We do not discuss the other requirements of Rule 23(b) because the district court ruled that the class certification was based on failure to meet the commonality requirements of Rule 23(a)(2).

[2]We review only the commonality finding because the district court stopped analyzing the Plaintiffs' class certification request for the discriminatory pay after finding commonality lacking.

To establish commonality, "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003).

**[2]** In *Staton v. Boeing Co.*, we upheld a district court's finding of commonality for a very broad class. 327 F.3d 938 at 956. The *Staton* class consisted of over 15,000 African-American salaried and hourly employees who alleged company-wide discriminatory practices. *Id.* at 953. Although the class consisted of salaried and hourly employees in different positions as well as employees from companies Boeing recently acquired, we upheld the district court's finding that commonality existed because the class suffered under "company-wide discriminatory practices." *Id.* We reiterated our holding in *Hanlon* that "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.* (quoting *Hanlon*, 150 F.3d at 1019). The class in *Staton* illustrates that a proposed class can consist of members with widely differing experiences as they relate to the case but seek a common remedy for a common policy of discrimination.

Our decision in *Hanlon* also highlights the nature of the requirements to find commonality. 150 F.3d at 1019-20. We noted that Rule 23(a)(2) has been construed permissively and not all questions of fact and law need to be common to satisfy this rule. *Id.* at 1019. We again described how commonality can be met even though members of a class have different methods of compensation. *Id.* at 1020. In *Hanlon*, as well as in *Staton*, we illustrated the flexible standard for commonality. Where the circumstances of each particular class member

vary but retain a common core of factual or legal issues with the rest of the class, commonality exists.[3]

**[3]** Here, the district court found past pay disparities for similar jobs at Bashas', Inc.'s three brand named stores. In its original order, the district court thoroughly analyzed the evidence proffered by both parties and noted three significant conclusions conceded by Bashas', Inc.:

> (1) Food City Stores have a higher percentage of Hispanic employees compared to Bashas' or A.J.'s stores, (2) the pay scales at Bashas' and A.J.'s stores were higher than those at Food City during the period 1998-2000, and (3) Hispanic employee hourly rates were lower in similar jobs.

However, the district court then found these concessions and Plaintiffs' other evidence were insufficient to establish commonality among all class members because Bashas', Inc. has now merged its pay scales. Finding the pay disparities no longer existed at the time the order was written, the district court only looked at the current pay scales. In doing so, the district court failed to consider the evidence of past pay disparities and discrimination common to the Hispanic workers at Food City.

**[4]** The district court here abused its discretion by basing its decision that the proposed class lacked commonality on the fact that the pay scales were equalized at the time of its order. Regardless of whether the pay scales are now equalized, Plaintiffs allege past pay discrimination occurred. The Plaintiffs claim damages from the effects of past discriminatory

---

[3]Although this circuit has, up to now, never reversed a district court finding that commonality was lacking in an employment suit, other circuits have. *See, e.g.*, *Forbush v. J.C. Penny Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993); *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1557 (11th Cir. 1986); *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982).

pay scales, and if they prevail on their claims, they are enti-
tled to damages.

**[5]** Similar to the certified classes in our cases previously
described, the Plaintiffs here establish commonality even
though their individual factual situations differ because they
all seek a common legal remedy for a common wrong. Plain-
tiffs here not only presented evidence of discriminatory pay
scales, but also provided statistical and anecdotal evidence of
discrimination by Bashas', Inc. These pay scales were com-
mon for all Bashas', Inc. employees and provided for differ-
ent pay for similar jobs based only on the store where the
employee worked. The proposed class here shares the alleged
discriminatory pay scales of Bashas', Inc. The class definition
seeks to reach those Hispanic employees who suffered past
discrimination under these pay scales.

**[6]** Finally, at oral argument, Bashas', Inc. argued that the
difficulty in redressing the harm and calculating the various
pay disparities for the different employment positions pre-
cludes class certification. We disagree. We have previously
held that classes with far more complex remedies can seek
redress in the form of a class action. *See, e.g.*, *Staton*, 327
F.3d at 953-57. The claimed difficulties in the calculations of
damages, as they affected the various class members, do not
preclude class certification.

## IV.

In this case, the Plaintiffs presented the district court with
extensive evidence showing Bashas', Inc.'s discriminatory
pay practices commonly affected all members of the proposed
class. We conclude the district court abused its discretion in
failing to find commonality existed in the original class defi-
nition. Accordingly, we REVERSE the district court's finding
that Plaintiffs' originally proposed class lacked commonality
under Rule 23(a)(2) and REMAND for consideration of the

remaining class certification factors in accordance with this opinion.