**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT ADAM KENNEDY, an individual on behalf of himself, and on behalf of all persons similarly situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> NATURAL BALANCE PET FOODS, INC., a California corporation, <br><br> Defendant - Appellee. | No. 08-56378 <br><br> D.C. No. 3:07-cv-01082-H-RBB <br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted December 10, 2009
Pasadena, California

Before: PREGERSON, NOONAN and PAEZ, Circuit Judges.

Appellant Robert Kennedy filed this proposed class action in San Diego

Superior Court on behalf of himself and all individuals in the United States who

purchased allegedly mislabeled pet food products sold by Natural Balance Pet

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Foods, Inc. The action was removed to federal court pursuant to 28 U.S.C. §

1441(a) and the Class Action Fairness Act, codified at 28 U.S.C. § 1332(d). The

district court denied Kennedy's motion to certify a nationwide class and

subsequently dismissed the action for lack of subject-matter jurisdiction. Kennedy

appeals both orders. We affirm the denial but vacate the dismissal with

instructions to remand the action to San Diego Superior Court.

Rule 23 of the Federal Rules of Civil Procedure governs when a federal

court may certify a class. A class must satisfy the four prerequisites of Rule 23(a)

and fall into one of the three categories of class actions defined in Rule 23(b). Fed.

R. Civ. P. 23; *Parra v. Bashas', Inc.*, 536 F.3d 975, 978 (9th Cir. 2008). The party

seeking class certification must demonstrate that certification is warranted, and the

court must conduct a "rigorous analysis" to determine that the prerequisites of Rule

23 have been met. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th

Cir. 2001). In reviewing a denial of class certification, the standard of review is for

abuse of discretion. *Parra*, 536 F.3d at 977.

We affirm the denial of Kennedy's class certification motion. Kennedy

alleged violations of California's Unfair Competition Law ("UCL"), Cal. Bus. &

Prof. Code § 17200, and California's Consumer Legal Remedies Act ("CLRA"),

Cal. Civ. Code § 1770. In his CLRA claim, Kennedy also alleged violations of

2

"parallel sister state statutes," asserting that "all other states have consumer fraud statutes which are substantially similar" to the CLRA. The district court denied class certification in part because Kennedy failed to show that the proposed class satisfied the commonality and typicality requirements of Rule 23(a)(2) and (3). In so doing, the court noted *Zinser*'s requirement that the class plaintiff provide a "thorough analysis of the applicable state laws" in a situation where "different states' laws would apply to the claims." 253 F.3d at 188-89. Kennedy now concedes that the CLRA claim should be limited to a California class. In addition, as the district court noted, the CLRA applies only to "consumers," but the proposed class consists of all "individuals" who purchased the challenged products, regardless of the purpose for which the products were purchased.

The district court's analysis under Rule 23 conflates the permissive commonality and typicality requirements of Rule 23(a)(2) and (3) with the more rigorous predominance requirement of Rule 23(b)(3). Nonetheless, we affirm the court's ultimate determination not to certify the class under Rule 23, because Kennedy failed to satisfy the predominance requirement of Rule 23(b)(3) with respect to the CLRA claim. *See Zinser*, 253 F.3d at 1189 ("Understanding which law will apply before making a predominance determination is important when there are variations in applicable state law."). While Kennedy contends that the

3

district court should have certified a nationwide class for the UCL claim, failure to certify a subclass or certify a class with respect to particular issues is not an abuse of discretion. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 947 (9th Cir. 2009); *Zinser*, 253 F.3d at 1189-90. Accordingly, pursuant to Rule 23(b)(3), we affirm the denial of Kennedy's motion for certification of the proposed nationwide class.

The parties do not dispute that once the district court denied class certification, it no longer had subject-matter jurisdiction over the action. The district court erred in dismissing the case rather than remanding the action to state court. Section 1447(c) of Title 28, which applies to cases removed from state court, provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." This provision is mandatory. *See Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257-58 (9th Cir. 1997).

For the reasons above, the denial of Kennedy's motion for class certification is AFFIRMED. The order dismissing the action for lack of subject-matter jurisdiction is VACATED and REMANDED with instructions to remand the action to San Diego Superior Court.