**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN DELODDER, individually and on behalf of all those similarly situated and RICARDO MARQUES, individually and on behalf of all those similarly situated, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> AEROTEK INC. and DOES 1 - 10, <br><br> Defendants - Appellees. | No. 10-56755 <br><br> D.C. No. 2:08-cv-06044-DMG-AGR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted March 6, 2012
Pasadena, California

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

We affirm the district court's denial of Plaintiffs' motion for class

certification under Rule 23(b)(3).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We review a district court's denial of class certification for abuse of discretion. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009). "'An abuse of discretion occurs when the district court, in making a discretionary ruling, relies upon an improper factor, omits consideration of a factor entitled to substantial weight, or mulls the correct mix of factors but makes a clear error of judgment in assaying them.'" *Id.* (quoting *Parra v. Bashas', Inc.*, 536 F.3d 975, 977-78 (9th Cir.2008)).

Plaintiff argues that the district court gave too little weight to evidence that Aerotek required all recruiters to complete the same training and obey the same policies, and too much weight to testimony that Aerotek recruiters' actual work activities varied from recruiter to recruiter. Our cases, however, required the district court to "make a factual determination as to whether class members are *actually* performing similar duties." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 959 (9th Cir. 2009) (internal quotation marks removed; emphasis added), *see also Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 948 (9th Cir. 2011); *Vinole*, 571 F.3d at 946-47. Evidence of corporate policies and training programs are relevant to this determination, but are not dispositive, for the obvious reason that training and policies may not reflect what the class members actually do. *Marlo*, 639 F.3d at 948*; Wells Fargo*, 571 F.3d at 958-59; *Vinole, 571*

2

F.3d at 946-47. In this case, the district court properly considered both evidence of uniform policies and evidence of diverse work activities. The work activity evidence was important because it showed variations in recruiters' candidate sourcing techniques, interview styles, authority to recommend candidates, and relationship with supervisors, all of which were relevant to the Administrative Exemption factors in California Industrial Wage Commission's Wage Order No. 4-2001, § 1(A)(2), codified at California Code of Regulations, title 8, section 11040. Accordingly, the district court's decision to afford more weight to this evidence than to the uniform policy evidence was not a clear error of judgment.

Plaintiffs fault the district court for failing to apply certain federal Fair Labor Standards Act regulations incorporated by reference into Wage Order 4-2001, § 1(A)(2)(f).[1] These regulations establish that routine screening of job applicants according to predetermined criteria does not require "discretion and independent judgment," but that the selection of qualified candidates does. 29 C.F.R. § 541.207(c)(5) (2001). Since the district court found that some Aerotek recruiters had more authority to select and recommend candidates than others, the regulations

---

[1] Wage Order 4-2001 incorporates the federal regulations effective as of the issuance of the Wage Order in 2001. Wage Order 4-2001 § 1(A)(2)(f). The district court mistakenly quoted from the 2004 federal regulations instead of the applicable 2001 version. The two versions are similar but not identical. *Compare* 29 C.F.R. § 541.202(c) (2004) to 29 C.F.R. §541.207(a),(e)(1)-(2) (2001).

do nothing to aid Plaintiffs' case. To the contrary, the regulations support the district court's conclusion that Plaintiffs' lack of discretion claim is not well-suited to classwide adjudication.

Plaintiffs also argue that the district court's order failed to explicitly consider whether the variations in recruiter discretion the district court identified concerned "matters of significance." *See* 29 C.F.R. 541.207(a) (2001). Plaintiffs, however, give no reason to doubt that they did. The variations the district court found in recruiters' sourcing techniques, interview styles, and recommendation of candidates, at the very least, were matters of significance to Aerotek's business.

Similarly, Plaintiffs observe that their claims required an inquiry into whether recruiters "execute under only general supervision" either "special assignments and tasks" or "work along specialized or technical lines." Wage Order 4-2001 § 1(A)(2)(d)-(e). The district court analyzed the questions arising from the "general supervision" component and concluded that they were not predominately common, but it didn't analyze the nature of the questions raised by the "special" or "specialized" work component. Even assuming for the sake of argument that the "special" or "specialized" work requirement raised common questions, however, we are not persuaded that those common questions predominated over the individual questions arising from variations in the way

4

Aerotek supervised its recruiters, let alone that they predominated over the individual questions raised by Plaintiffs' claims as a whole. Accordingly, the district court's omission of a special/specialized analysis from its order did not "omit[] consideration of a factor entitled to substantial weight." *Vinole*, 571 F.3d at 939.[2]

Finally, Plaintiffs argue that the district court should have certified a limited class action to adjudicate Plaintiffs' claim that class members do not perform "office or non-manual work directly related to management policies or general business operations." *See* Wage Order 4-2001 § 1(A)(2)(a)(I); Fed. R. of Civ. P. 23(c)(4) ("When appropriate, an action may be brought or maintained as a class action with respect to particular issues."). The district court did find that this theory raised predominately common questions, but the nature of that commonality was not in Plaintiffs' favor. Rather, it found that all class members were engaged in "meeting the needs of Aerotek's customer companies," a role that is "directly

---

[2] Additionally, Plaintiffs could not have prevailed merely by showing that they didn't do specialized or special work. Aerotek was entitled to classify them as exempt on the alternate grounds that they "regularly and directly assist[ed] a proprietor, or an employee employed in a bona fide executive or administrative capacity." Wage Order #4-2001 § 1(A)(2)(c)-(e) (setting out three alternative conditions which, in contrast to conditions (a),(b),(f), and (g), are stated in the disjunctive). Accordingly, the class can't have been harmed by the district court's decision not to certify a class to explore Plaintiffs specialized/special theory.

related to . . . [Aerotek's] general business operations," and therefore exempt. Wage Order 4-2001 § 1(A)(2)(a)(I). The district court did not abuse its discretion by concluding that Plaintiffs' losing theory was not an "appropriate" basis for a Rule 23(c)(4) class action, and Plaintiffs in any case can't have been prejudiced by the inability to pursue that theory.

**AFFIRMED**.