**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES BRADY; SARAH CAVANAGH, individually and on behalf of all others similarly situated, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> DELOITTE & TOUCHE, a limited liability partnership, <br><br> Defendant - Appellee. | No. 12-16384 <br><br> D.C. No. 3:08-cv-00177-SI <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted September 12, 2014
San Francisco, California

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

This is a putative class action on behalf of unlicensed accountants against

Deloitte & Touche LLP, alleging various wage and hour violations under California

law. The district court originally certified the class, but, in light of this Court's opinion

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

in *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820 (9th Cir. 2011), granted Deloitte's subsequent motion to decertify. We have jurisdiction over the appeal from the decertification order under 28 U.S.C. § 1292(e) and Federal Rule of Civil Procedure 23(f), and affirm.

**1.** We review a decertification order for abuse of discretion. *Smith v. Univ. of Wash., Law Sch.*, 233 F.3d 1188, 1192–93 (9th Cir. 2000). "We limit our review to whether the district court correctly selected and applied Rule 23's criteria." *Parra v. Bashas', Inc.*, 536 F.3d 975, 977 (9th Cir. 2008). An abuse of discretion occurs when the district court "relies upon an improper factor, omits consideration of a factor entitled to substantial weight, or mulls the correct mix of factors but makes a clear error of judgment in assaying them." *Id.* at 977–78 (citation omitted).

**2**. The central issue in this case is whether unlicensed Deloitte accountants are exempt from California wage and hour laws under either the Professional Exemption, Cal. Code Regs. tit. 8, § 11040(1)(A)(3) (2001), or the Administrative Exemption, *id.* § 11040(1)(A)(2). To be exempt under either Exemption, an employee must "customarily and regularly exercise[] discretion and independent judgment." *Id.* § 11040(1)(A)(2)(b), (3)(c). The Administrative Exemption applies to employees who are primarily engaged in work directly related to management policies or general business operations. *Id.* § 11040(1)(A)(2)(a), (f).

**3.** In determining whether either of the two Exemptions applies, the district court analyzes the work performed by the employees. *See Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 946–48 (9th Cir. 2011); *Campbell*, 642 F.3d at 830, 832–33. Deloitte proffered evidence that the level of discretion afforded to unlicensed accountants varies dramatically from assignment to assignment. Deloitte also submitted evidence that some unlicensed accountants are primarily assigned to work involving management policies or general business operations. Certification under Rule 23(b)(3) requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). Given the individual inquiries involved in determining the application of the Professional and Administrative Exemptions in this case, the district court did not abuse its discretion by determining that the common questions of law or fact appellants identified did not predominate over these individual issues.

**AFFIRMED**.