**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FOX TEST PREP; STEVEN PRICE, | No. 12-16601 |
| Plaintiffs - Appellants, | DC No. 4:09 CV-3043 PJH |
| v. | |
| FACEBOOK, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted December 9, 2014
San Francisco, California

Before:     TASHIMA and PAEZ, Circuit Judges, and QUIST, Senior District
Judge.[**]

Plaintiffs Fox Test Prep and Stephen Price appeal the district court's denial

of class certification.  We have jurisdiction pursuant to 28 U.S.C. § 1292(e) and

Federal Rule of Civil Procedure 23(f), and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Gordon J. Quist, Senior United States District Judge
for the Western District of Michigan, sitting by designation.

We review a district court's denial of class certification for abuse of discretion. *See Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F. 3d 1087, 1090 (9th Cir. 2010). "An abuse of discretion occurs when the district court, 'in making a discretionary ruling, relies upon an improper factor, omits consideration of a factor entitled to substantial weight, or mulls the correct mix of factors but makes a clear error of judgment in assaying them.'" *Parra v. Bashas', Inc.*, 536 F.3d 975, 977-78 (9th Cir. 2008) (quoting *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 228, 295 (1st Cir. 2000)).

The district court held that the proposed class could not be certified under Federal Rule of Civil Procedure 23(b)(3) because, among other reasons, Plaintiffs failed to establish that there is a class-wide uniform method for determining what constitutes a "valid click." *In re Facebook, Inc., PPC Adver. Litig.*, 282 F.R.D. 446, 458-59 (N.D. Cal. 2012). We conclude that the district court did not abuse its discretion in determining that class certification was inappropriate under Rule 23(b)(3). *See Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013).

Plaintiffs' central theory of liability is that Facebook improperly charged them for "invalid" clicks. As a result, it was crucial for them to establish a workable, classwide method to distinguish among "valid," "invalid," and "fraudulent" clicks. Plaintiffs' expert stated that he could develop and implement

2

rule-based algorithms to determine whether Facebook failed to employ algorithms in conformity with prevailing industry standards in determining whether a click is legitimate. He further noted that the IAB (Interactive Advertising Bureau) Click Measurement Guidelines make clear that it is generally understood in the industry that a click is defined as a request by a human with an *intent* to view the content. Nowhere in his report or deposition, however, did he provide the *actual method* for distinguishing between valid and invalid clicks. Further, in his deposition he acknowledged that he knows of no sources, including the IAB guidelines, that provide *specific* parameters for determining what constitutes a valid click.

Because Plaintiffs failed to meet their burden of demonstrating a workable class-wide methodology to determine what constitutes a "valid click," the district court did not abuse its discretion in denying class certification because "common issues do not predominate," *In re Facebook*, 282 F.R.D. at 459, as required by Rule 23(b)(3).[1]

Accordingly, the order of the district court denying class certification is **AFFIRMED**.

---

[1] Because we decide this appeal on the lack of predominance issue, we do not reach the other bases of the district court's decision denying class certification.