**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SHAHRIAR JABBARI; KAYLEE
HEFFELFINGER, on behalf of
themselves and all others similarly
situated,

     *Plaintiffs-Appellees*,

v.

CHAD MICHAEL FARMER,
     *Objector-Appellant*,

v.

WELLS FARGO & COMPANY; WELLS
FARGO BANK, N.A.,
     *Defendants-Appellees.*

No. 18-16213

D.C. No.
3:15-cv-02159-
VC

SHAHRIAR JABBARI; KAYLEE HEFFELFINGER, on behalf of themselves and all others similarly situated,
          *Plaintiffs-Appellees*,

v.

BARBARA COCHRAN,
          *Objector-Appellant*,

v.

WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.,
          *Defendants-Appellees*.

No. 18-16223

D.C. No.
3:15-cv-02159-VC

SHAHRIAR JABBARI; KAYLEE HEFFELFINGER, on behalf of themselves and all others similarly situated,
          *Plaintiffs-Appellees*,

v.

LYDIA LABELLE DE RIOS,
          *Objector-Appellant*,

v.

WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.,
          *Defendants-Appellees*.

No. 18-16236

D.C. No.
3:15-cv-02159-VC

SHAHRIAR JABBARI; KAYLEE
HEFFELFINGER, on behalf of
themselves and all others similarly
situated,
                    *Plaintiffs-Appellees*,


                v.


MIKE MURPHY,
                    *Objector-Appellant*,


                v.


WELLS FARGO & COMPANY; WELLS
FARGO BANK, N.A.,
                    *Defendants-Appellees.*

No. 18-16284

D.C. No.
3:15-cv-02159-
VC

SHAHRIAR JABBARI; KAYLEE
HEFFELFINGER, on behalf of
themselves and all others similarly
situated,
          *Plaintiffs-Appellees*,

v.

CHARLES DARBYSHIRE, Guardian of
Roy Geiersbach,
          *Objector-Appellant*,

v.

WELLS FARGO & COMPANY; WELLS
FARGO BANK, N.A.,
          *Defendants-Appellees.*

No. 18-16285

D.C. No.
3:15-cv-02159-
VC

SHAHRIAR JABBARI; KAYLEE
HEFFELFINGER, on behalf of
themselves and all others similarly
situated,
          *Plaintiffs-Appellees*,

JILL PIAZZA,
          *Objector-Appellant*,

v.

WELLS FARGO & COMPANY; WELLS
FARGO BANK, N.A.,
          *Defendants-Appellees.*

No. 18-16315

D.C. No.
3:15-cv-02159-
VC

| | |
|---|---|
| SHAHRIAR JABBARI; KAYLEE HEFFELFINGER, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs-Appellees*,<br><br>v.<br><br>SCOTT JOHNSTON,<br>*Objector-Appellant*,<br><br>v.<br><br>WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.,<br>*Defendants-Appellees.* | No. 18-16317<br><br>D.C. No.<br>3:15-cv-02159-VC<br><br><br>OPINION |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted February 13, 2020
San Francisco, California

Filed July 20, 2020

Before: Ronald M. Gould and Mary H. Murguia, Circuit
Judges, and Gary Feinerman,[*] District Judge.

Opinion by Judge Gould

---

[*] The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

## SUMMARY[**]

### Class Action

The panel affirmed the district court's holding that a nationwide class satisfied Fed. R. Civ. P. 23(b)(3)'s predominance requirement set forth in *In re Hyundai & Kia Fuel Economy Litigation*, 926 F.3d 539 (9th Cir. 2019) (en banc).

This appeal presented objections to the settlement of a nationwide class action against Wells Fargo. Fed. R. Civ. P. 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members."

The panel held that the district court did not abuse its discretion in holding that common questions predominated. Specifically, the panel held that *Hyundai* made clear that it generally was not legal error to forego a choice-of-law analysis in a settlement-class predominance inquiry; and this principle applied with even greater force here, where the class was unified by a claim under federal law. The panel further held that the class's federal Fair Credit Reporting Act ("FCRA") claim unified the class because the plaintiffs could show that the FCRA's elements were proven by a common course of conduct, and the existence of potential state-law claims did not outweigh the FCRA claim's importance.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

In a separately filed memorandum disposition, the panel affirmed the district court's certification of the settlement class, approval of the settlement, award of attorneys' fees, and approval of notice.

---

**COUNSEL**

Robert Clore (argued) and Christopher A. Bandas, Bandas Law Firm P.C., Corpus Christi, Texas, for Objector-Appellant Chad Michael Farmer.

N. Albert Bacharach Jr. (argued) and Charles Darbyshire, N. Albert Bacharach Jr. P.A., Gainesville, Florida, for Objector-Appellant Charles Darbyshire.

John J. Pentz (argued), Law Offices of John J. Pentz, Sudbury, Massachusetts, for Objector-Appellant Jill Piazza.

Cameron S. Christensen (argued) and Steven Alden Christensen, Christensen Young & Associates PLLC, Sandy, Utah, for Objector-Appellant Scott Johnston.

George W. Cochran, Streetsboro, Ohio, for Objector-Appellant Barbara Cochran.

Steve Scow, Koch & Scow, Henderson, Nevada, for Objector-Appellant Mike Murphy.

Annette Borzakian, Los Angeles, California, for Objector-Appellant Lydia LaBelle de Rios.
Benjamin J. Horwich (argued), David H. Fry, and Nick M. Axelrod, Munger Tolles & Olson LLP, San Francisco, California; Erin J. Cox, Munger Tolles & Olson LLP, Los Angeles, California; for Defendants-Appellees.

Derek W. Loeser (argued), Gretchen Freeman Cappio, and
Benjamin Gould, Keller Rohrback LLP, Seattle,
Washington; for Plaintiffs-Appellees.

**OPINION**

GOULD, Circuit Judge:

This appeal presents objections to the settlement of a
nationwide class action against Wells Fargo. We have
jurisdiction pursuant to 28 U.S.C. § 1291. In a separately
filed memorandum disposition, we affirm the district court.
Here, we specifically affirm the district court's holding that
the class satisfied Rule 23(b)(3)'s predominance
requirement under the precedent set by our recent *en banc*
decision in *In re Hyundai & Kia Fuel Economy Litigation*,
926 F.3d 539 (9th Cir. 2019).

**I**

The class action complaint alleged that Wells Fargo &
Company and Wells Fargo Bank, N.A. (Wells Fargo),
pressured their employees to meet arbitrary and unrealistic
sales quotas unrelated to true consumer demand. This
allegedly resulted in Wells Fargo's systematic exploitation
of its customers for profit. The crux of the alleged scheme
was that Wells Fargo employees would open multiple
accounts in a customer's name without the customer's
consent.

According to the complaint, Wells Fargo directly harmed
its customers to benefit itself. Once Wells Fargo opened an
unauthorized account, it charged fees to the customers.
Customers soon fielded the calls of debt collectors seeking
payment of debts of which the customers were unaware. The

outstanding debts and unmonitored bank accounts also harmed the customers' credit. Wells Fargo then offered to sell its credit-protection products to the customers whose credit it was harming.

Plaintiffs Shahriar Jabbari and Kaylee Heffelfinger sued Wells Fargo in a putative class action. The complaint alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*; the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.*; California and Arizona statutory law; and common law.

After proceedings in the district court, the parties reached a settlement. The district court certified a settlement class and approved the settlement. The settlement class included

> [a]ll Persons for whom Wells Fargo or Wells Fargo's current or former subsidiaries, affiliates, principals, officers, directors, or employees opened an Unauthorized Account or submitted an Unauthorized Application, or who obtained Identity Theft Protection Services from Wells Fargo during the period from May 1, 2002 to April 20, 2017.

In addressing the objections to the certification and the settlement, the district court held that "[d]ifferences among state laws do not bar certification of the class here, as Plaintiffs have asserted a claim under a federal statute (the Fair Credit Reporting Act) that is equally applicable in all states."

Some Objectors appealed. Among the objections is that the class did not satisfy Rule 23(b)(3)'s predominance requirement because the district court did not do a choice-

of-law analysis. As support, Objectors cited our opinions *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), and the later-reversed three-judge panel's opinion in *In re Hyundai & Kia Fuel Economy Litigation*, 881 F.3d 679 (9th Cir. 2018), *rev'd en banc*, 926 F.3d 539 (9th Cir. 2019). We now address this case's position in that line of cases.

## II

"We review for abuse of discretion the district court's decision to certify a class for settlement purposes, limiting our review 'to whether the district court correctly selected and applied Rule 23's criteria.'" *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en banc) (quoting *Parra v. Bashas', Inc.*, 536 F.3d 975, 977 (9th Cir. 2008)). "When reviewing an order granting class certification, 'we accord the district court noticeably more deference than when we review a denial.'" *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1132 (9th Cir. 2016) (quoting *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 956 (9th Cir. 2013)).

## III

Federal Rule of Civil Procedure 23(b)(3) requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members." To determine whether a class satisfies the requirement, a court pragmatically compares the quality and import of common questions to that of individual questions. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016); *see also* 2 William B. Rubenstein, *Newberg on Class Actions* § 4:50 (5th ed. 2018) ("[A] court must first characterize the issues in the case as common or individual and then weigh which predominate." (emphasis omitted)).

This task is not an exact science.  Rather, a court must determine which questions are likely "to drive the resolution of the litigation." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016).  If a common question will drive the resolution, even if there are important questions affecting only individual members, then the class is "sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623–24 (1997); *see also Tyson Foods*, 136 S. Ct. at 1045.

Also relevant is whether a district court certifies a class for settlement or for trial. *In re Hyundai & Kia Fuel Econ. Litig.* (*Hyundai II*), 926 F.3d 539, 558 (9th Cir. 2019) (en banc).  Settlement may "obviate[] the need to litigate individualized issues that would make a trial unmanageable," *id.*, making common questions more important in the relative analysis.

The potential applicability of variations in state law can complicate the predominance determination.  *See Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 928 (9th Cir. 2019) ("[P]otentially varying state laws may defeat predominance in certain circumstances."), *petition for cert. filed*, (U.S. June 4, 2020) (No. 19-1339); *see also Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 591–94 (9th Cir. 2012); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001), *amended on denial of reh'g*, 273 F.3d 1266 (9th Cir.)).  When the relevant state laws differ in material ways, a court may have to decide which state's or states' law applies before it can determine whether common questions of law or fact predominate.  *See Zinser*, 253 F.3d at 1189.

In our prior decisions, we have outlined the contours of the predominance determination in the context of variations in state law.  In *Hanlon v. Chrysler Corp.*, we affirmed the

district court's certification of a settlement class asserting various consumer protection causes of action without requiring a choice-of-law analysis. 150 F.3d 1011, 1023–24 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). We held that variations in "products liability, breaches of express and implied warranties, and 'lemon laws'" across the states did not defeat predominance because "there were still sufficient common issues to warrant a class action, particularly questions of Chrysler's prior knowledge of the latch deficiency, the design defect, and a damages remedy." *Id.* at 1022–23. A conclusion as to which state's law applied was not necessary to the predominance determination in that case because the law of each state at issue shared common questions that were central to the resolution of the claims and capable of resolution in one fell swoop.

In *Mazza*, which involved a class certification for trial, we came to the opposite conclusion. There, we held that the district court abused its discretion by certifying a nationwide class because the district court erroneously applied California law to the entire class. *Mazza*, 666 F.3d at 589–90. In applying California's governmental-interest test, we identified material differences in the relevant state laws, such as differing scienter and reliance requirements. *Id.* at 590–91. We did not hold that no class could exist, especially given the possibility of subclasses, but only that the class as certified was the result of an erroneous choice-of-law analysis. *Id.* at 594. Our predominance holding, if any, was thus implicit. *See In re Hyundai & Kia Fuel Econ. Litig.* (*Hyundai I*), 881 F.3d 679, 692–93 (9th Cir. 2018), *rev'd en banc*, 926 F.3d 539 (9th Cir. 2019).

*Hanlon* affirmed a settlement class's certification whereas *Mazza* reversed a certification for trial. Those cases

align with the general rule that predominance is easier to satisfy in the settlement context.  *Hyundai II*, 926 F.3d at 558.  But the imprecise line between *Hanlon* and *Mazza* nevertheless blurred.

The three-judge panel's and *en banc* panel's decisions in *Hyundai* are illustrative.  In that case, a putative class of consumers who sued the automaker Hyundai under California consumer-protection law, among other claims, alleging that Hyundai "misled consumers throughout the United States by advertising inflated fuel economy standards" in particular vehicles.  *Id.* at 553.

The district court at first indicated that it was likely to deny class certification for trial.  *Hyundai I*, 881 F.3d at 696 (citing *Mazza*, 666 F.3d at 590–92).  But later, when asked to certify a class for settlement, the district court determined that "such an [extensive choice-of-law] analysis," as *Mazza* required, "was not warranted in the settlement context."  *Id.* at 700.  Instead, consistent with *Hanlon*, the district court held that common questions, such as "[w]hether the fuel economy statements were in fact accurate" and "whether defendants knew that their fuel economy statements were false or misleading," predominated.  *Id.* at 708 (Nguyen, J., dissenting) (alteration in original).

The three-judge panel relied on *Mazza* to reverse on appeal.  *Id.* at 702–03 (majority opinion).  The panel reasoned that, "[i]n failing to apply California choice of law rules, the district court committed a legal error" because, "[a]s explained in *Mazza*, the district court was required to apply California's choice of law rules."  *Id.* at 702.  The distinction between certifying a class for trial or settlement, the panel concluded, was immaterial.  *Id.* at 702–03.

The *en banc* panel reversed on rehearing. Speaking generally, the *en banc* panel clarified that "[t]he criteria for class certification are applied differently in litigation classes and settlement classes." *Hyundai II*, 926 F.3d at 556. In the settlement context, a district court assessing predominance "need not inquire whether the case, if tried, would present intractable management problems." *Id.* at 558 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)). Reaffirming *Hanlon*, the *en banc* panel explained that common issues like whether the fuel economy statements were inaccurate and whether the automakers knew about the inaccuracy were the sort of "common course of conduct by [a] defendant" that can establish predominance. *Id.* at 559.

*Hyundai* thus dictates that, as a general rule, a district court does not commit legal error by not conducting a choice-of-law analysis, despite variations in state law, before determining that common issues predominate for a settlement class. *Id.* at 562–63 & n.6.[1]  For purposes of a settlement class, differences in state law do not necessarily, or even often, make a class unmanageable.

## IV

Applying *Hyundai*, we affirm. The district court did not abuse its discretion in holding that common questions predominate. *Hyundai* made clear that it generally is not legal error to forego a choice-of-law analysis in a settlement-class predominance inquiry. This principle applies with

---

[1] This is particularly true where, as here, none of the Objectors presented an adequate choice-of-law analysis to the district court. *See Hyundai II*, 926 F.3d at 561–62.

even greater force here, where the class is unified by a claim under federal law.

The district court held that "[d]ifferences among state laws do not bar certification of the class here, as Plaintiffs have asserted a claim under a federal statute (the Fair Credit Reporting Act) that is equally applicable in all states." Before we decided *Hyundai en banc*, Objectors argued that the district court's predominance holding was legal error simply because the court did not conduct a choice-of-law analysis. As detailed in Section III, *Hyundai* forecloses that argument. *In re Hyundai & Kia Fuel Econ. Litig.* (*Hyundai II*), 926 F.3d 539, 561–62 (9th Cir. 2019) (en banc).

This case presents a stronger case than *Hyundai* for predominance because Plaintiffs asserted a federal claim common to all class members. In cases like *Hyundai* and *Hanlon*, a district court must generally assess whether variations in state law are not so wide as to render the commonalities insufficient. When a class asserts a federal claim for all members, the issue is simpler: Is the federal claim provable collectively and important enough to the litigation's resolution to bind the class together? With *Hyundai* in hand, this is an easy case.

The FCRA claim is provable collectively. To succeed on the FCRA claim, Plaintiffs would have to prove that Wells Fargo willfully used or obtained "consumer reports" in a statutorily impermissible manner. 15 U.S.C. §§ 1681a, 1681b(f), 1681n(a). Plaintiffs alleged that Wells Fargo did so in a systematic, institutional manner. The class could prove that Wells Fargo's corporate policies constituted a

willful[2] act, just as the class in *Hanlon* could prove that the defendant knew that the latch design was defective. 150 F.3d 1011, 1023 (9th Cir. 1998); *see also Edwards v. First Am. Corp.*, 798 F.3d 1172, 1183 (9th Cir. 2015) ("This common scheme, if true, presents a significant aspect of [the defendant's] transactions that warrant class adjudication . . . ."). This case is thus analogous to consumer fraud cases where predominance is easier to prove because "[t]his cohesive group of individuals suffered the same harm in the same way because of [Wells Fargo's] alleged conduct." *Hyundai II*, 926 F.3d at 559.

The FCRA claim is important enough bind the class together. The district court permissibly found that the FCRA claim gave the best route to certification and recovery, thus driving the resolution. Nothing in the record indicates to us that the district court assessed improper factors or erred in judgment. *See Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1018 (9th Cir. 2011), *abrogated on other grounds by Comcast Corp. v. Behrend*, 569 U.S. 27 (2013).

Objectors asserted that potential claims under state-law identity-theft statutes; the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, *et seq.*; and the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*, surpassed the FCRA claim in importance. But the district court's rejection of that argument was not a clear error in judgment. The court noted that it was "conceivable that certain state-law identity-theft claims could result in recovery separate from that available under FCRA," but concluded that the FCRA claim, standing alone, provided the

---

[2] Under the FCRA, a "willful" violation includes both knowing and reckless violations. *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 711 n.1 (9th Cir. 2010).

class with a reasonable recovery given the feasibility of all legal options that Plaintiffs and Objectors presented.

Only rarely will a class assert every possible claim that might offer relief. As a general rule, a court need not assess the importance of every claim a class might make before holding that a class satisfies Rule 23(b)(3)'s predominance requirement.

## V

It is generally not legal error for a district court to hold that a settlement class satisfies predominance, particularly for a class asserting a unifying federal claim, without first performing a choice-of-law analysis.

The district court here made no legal error. Nor did the court abuse its discretion by holding that the class satisfied Rule 23(b)(3)'s predominance requirement with the FCRA claim. The FCRA claim unified the class because Plaintiffs could show that the FCRA's elements were proven by a common course of conduct, and the existence of potential state-law claims did not outweigh the FCRA claim's importance.

**AFFIRMED.**