**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LEONARD WILLIAMS, an individual; THE LENNY WILLIAMS PRODUCTION COMPANY, a California corporation, on behalf of themselves and all others similarly situated, | No.   20-55419 |
| | D.C. No. 2:18-cv-09691-RGK-PJW |
| Plaintiffs-Appellants, | MEMORANDUM* |
| v. | |
| WARNER MUSIC GROUP CORPORATION, a Delaware Corporation; WARNER BROS. RECORDS, INC., a Delaware Corporation, and DOES 2-10, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted March 4, 2021
Pasadena, California

Before:  GRABER and MILLER, Circuit Judges, and HILLMAN,** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Timothy S. Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

Plaintiffs Leonard Williams and The Lenny Williams Production Company ("LWPC") (collectively, "Plaintiffs") timely appeal from the district court's order denying class certification for lack of typicality in this Class Action Fairness Act suit. 28 U.S.C. § 1332(d)(2). Plaintiffs allege that Warner Bros. Records, Inc. ("Warner Bros.") underpaid the putative class of recording artists by calculating their digital streaming royalty payments using only a portion of the company's foreign streaming revenue.[1] Plaintiffs also appeal the amount of time that the district court allowed for pre-certification class discovery. Reviewing both issues for abuse of discretion, we affirm. Parra v. Bashas', Inc., 536 F. 3d 975, 977 (9th Cir. 2008) (providing standard of review for denial of class certification); GCB Commc'ns, Inc. v. U.S. South Commc'ns, Inc., 650 F.3d 1257, 1262 (9th Cir. 2011) (providing standard of review for district court case management decisions).

1. The district court's finding that Plaintiffs could not satisfy Fed. R. Civ. P. 23(a)(3)'s typicality requirement, which requires that the class representative(s) have claims or defenses that are typical of the class in order to obtain class certification, did not constitute an abuse of discretion. Although typicality is a permissive standard, the district court reasonably concluded that named Plaintiffs were atypical because two unique defenses applied to their specific claims. See

---

[1] The district court dismissed all claims against Warner Music Group Corp. before the decision on class certification.

2

Hanon v. Dataproducts Corp., 976 F. 2d 497, 508 (9th Cir. 1992) ("[A] named plaintiff's motion for class certification should be denied if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'" (quoting Gary Plastic Packaging Corp., 903 F.2d 176, 180 (2d Cir. 1990)).

First, Plaintiffs asked the district court to certify one broad class with three subclasses: (1) artists whose contracts provide for streaming royalties at a 50% royalty rate of Warner Bros.' net receipts; (2) artists whose contracts do not expressly provide for streaming royalties and contain a general licensing provision at a royalty rate of 50% of Warner Bros.' net receipts; and (3) artists whose contracts do not provide for streaming royalties or contain a general licensing provision. But Plaintiffs, as well as an indeterminate number of other artists, fell only into Subclass 3. In order to determine whether the artists in that subclass were entitled to streaming royalties, the district court would have needed to determine whether an implied contract to pay such royalties existed between all the members of that subclass and Warner Bros. The district court reasonably concluded that the more challenging question of implied contract, applicable only to contracts for Subclass 3, would overwhelm the straightforward interpretive questions applicable to the contracts for Subclasses 1 and 2.

Second, Plaintiffs were atypical class members because they apparently

3

would not be entitled to damages.  Even if the district court found that an implied contract to pay streaming royalties between Plaintiffs and Warner Bros. existed, Plaintiffs would not have been eligible to receive any royalty payments of any kind because of the considerable unrecouped balance on their Warner Bros. account. Furthermore, it was very unlikely that Plaintiffs would recoup that outstanding balance and become eligible to receive royalties before the copyright protection for their musical compositions expired.  Unlike other putative class members whose accounts were recouped or who would likely become recouped before the expiration of their intellectual property rights, Plaintiffs have little prospect of any direct harm.

2.    The district court did not abuse its discretion by declining to extend the pre-certification class discovery period because Plaintiffs did not file a motion to extend discovery.  See Davidson v. O'Reilly Auto Enterprises, LLC, 968 F.3d 955, 962-63 (9th Cir. 2020) ("The question whether a district court abuses its discretion by setting deadlines or limiting pre-certification discovery is inherently fact intensive and must be decided based on the facts of each case.").  The court's deadline was not generous.  Considering the number of putative class members and contracts at issue, providing Plaintiffs less than six weeks to conduct class discovery and move for class certification was an exacting demand, no matter their diligence.  But we have carefully studied the complex procedural history and other

relevant factors, and we find no abuse of discretion. For example, after the district court reopened the case in December 2019, Plaintiffs failed to file a motion to extend either the deadline for class discovery or the deadline to file a motion for class certification.

**AFFIRMED.**