NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIDGET WARD; LISA WARD, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>CROW VOTE, LLC; et al.,<br><br>Defendants-Appellees. | No.   22-56108<br><br>D.C. No.<br>8:21-cv-01110-FWS-DFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Submitted May 15, 2024[**]
Pasadena, California

Before:  GOULD, N.R. SMITH, and MENDOZA, Circuit Judges.

Plaintiffs-Appellants Bridget and Lisa Ward (collectively, "the Wards")

appeal from the district court's orders: (1) granting summary judgment in favor of

Defendant-Appellant Crow Vote, LLC; (2) denying class certification; and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(3) denying leave to amend. We review a district court's order granting summary judgment de novo. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). We review a district court's order denying class certification or leave to amend for abuse of discretion. *Parra v. Bashas', Inc.*, 536 F.3d 975, 977 (9th Cir. 2008); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court properly granted summary judgment for Crow Vote on the Wards' claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and California's Unfair Competition Law ("UCL"). Both civil RICO claims and claims under the UCL's unlawful prong require a predicate offense. *See Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005); *Berryman v. Merit Prop. Mgmt., Inc.*, 62 Cal. Rptr. 3d 177, 185 (Cal. Ct. App. 2007). The Wards alleged the same predicate offense for both claims: unlawful gambling under Arizona law. Arizona law defines "gambling" to "consist[] of three elements: (1) the payment of consideration, (2) for the chance, (3) to win a prize or obtain some benefit." Ariz. Rev. Stat. § 13-3301(6); *Benevolent and Protective Order of Elks #2656 v. State, Dep't of Liquor Licenses and Control*, 366 P.3d 1011, 1014 (Ariz. Ct. App. 2016).

The Favorite Chef Competition does not amount to unlawful gambling under Arizona law. It is undisputed that Favorite Chef voters did not receive a prize or

2

cash award for voting.  They did not get a share of the Favorite Chef's winnings either.  They got nothing of the sort at all so the Favorite Chef voters did not obtain a "benefit" within section 13-3301(6)'s meaning.  The Wards attempt to rescue their claims with their "gambling in concert theory."  Although that theory may be viable on some set of facts, it does not change our analysis here.  The chefs and voters at issue did not work together to complete "one act" of gambling, as section 13-3301(6) requires.  The voters voted and the chefs cooked.  The chefs encouraged voters to vote for them, and the voters did in fact vote for the chefs.  But the voters' and chefs' individual roles in the competition are not discrete parts of "one act" of gambling.  Ariz. Rev. Stat. § 13-3301(6).

Because the Favorite Chef Competition does not amount to unlawful gambling under Arizona law, the Wards have failed to show a predicate offense sufficient to sustain their RICO and UCL claims.  Accordingly, the district court properly granted summary judgment for Crow Vote on both of those claims.

2.      Because the Wards have no remaining claims against Crow Vote, the issues raised in their motion for class certification are moot, and the district court properly denied that motion.

3.      Finally, the district court did not abuse its discretion in denying the Wards leave to amend their complaint because such an amendment would have been futile.  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).  The Wards

sought to amend their complaint to add a claim for unjust enrichment. But the Wards are unable to recover for unjust enrichment under Arizona law because they received the benefit of their bargain. The Wards paid Crow Vote for Hero Votes, and the Wards received the votes for which they paid. The Wards got what they paid for and that is not unjust enrichment under Arizona law. *See Brooks v. Valley Nat'l Bank*, 548 P.2d 1166, 1171 (Ariz. 1976) (in banc).

**AFFIRMED.**